**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| DONALD RAY WEAVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 3:16-cv-02076 |
| | ) | Judge Trauger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

### I. Introduction

Pending before the court is the Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 To

Vacate, Set Aside, Or Correct Sentence. (Docket Nos. 1, 2); a Supplemental Brief (Docket No.

9), filed by counsel for the Petitioner; and the Government's Response (Docket No. 19).

By Order entered November 4, 2016 (Docket No. 14), the court granted the

Government's request to hold this case in abeyance pending the Sixth Circuit's decision in

*United States v. Stitt*, 646 Fed. App'x 454 (6th Cir. 2016). An *en banc* panel of the Sixth Circuit

issued its decision in *United States v. Stitt,* 860 F.3d 854 (6th Cir. 2017) on June 27, 2017. Thus,

the Petitioner's claims are ripe for decision.

For the reasons set forth herein, the Petitioner's Motion Under 28 U.S.C. § 2255 To

Vacate, Set Aside, Or Correct Sentence. (Docket Nos. 1, 2) is GRANTED.  The Petitioner will

be re-sentenced by separate order in Criminal Case No. 3:12-cr-00172.

### II. Procedural Background

The Petitioner pled guilty to unlawful possession of a firearm by a convicted felon, in

violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket Nos. 35, 36 in Case No. 3:12cr00172). The

Petitioner's guilty plea was not the result of a plea agreement. At the subsequent sentencing

hearing, on November 10, 2014, the court determined that the Petitioner qualified as an Armed

Career Criminal and sentenced him to 180 months of imprisonment. (Docket Nos. 58, 60, 61 in

Case No. 3:12cr00172). The record indicates that no appeal was taken.

## III. Analysis

### A. 28 U.S.C. § 2255

The Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255

provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "'must demonstrate

the existence of an error of constitutional magnitude which had a substantial and injurious effect

or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855,

858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary

hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An

evidentiary hearing is not required, however, if the record conclusively shows that the petitioner

is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,*

178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations

'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the Petitioner's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing to resolve the Petitioner's claims.

B.  The Petitioner's Claims

In his *pro se* Motion To Vacate, the Petitioner claims that his sentence should be vacated because his trial counsel provided ineffective assistance by: (1) failing to investigate the law and facts regarding the Armed Career Criminal enhancement; and (2) failing to raise mitigating circumstances regarding the offense of conviction. The Petitioner also argues that his sentence should be vacated based on the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).  Because the court concludes that the Petitioner's *Johnson* claim has merit and requires re-sentencing, it is unnecessary to address Petitioner's ineffective assistance of counsel claims.

In *Johnson,* the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.  The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the definition of "violent felony," as set forth below in italics:

> (2) As used in this subsection–
>
> * * *

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another. . .*

(emphasis added). In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a substantive rule that applies retroactively on collateral review.

Based on the reasoning in *Johnson*, the Petitioner contends that his prior convictions for felony evading arrest, aggravated burglary, and aggravated robbery were improperly considered to be "violent felonies" under the ACCA and that he no longer qualifies to be sentenced as an Armed Career Criminal.

In its Response, the Government agrees that the Petitioner's felony evading arrest conviction no longer qualifies as a violent felony based on *Johnson*, and concedes that the Petitioner's aggravated burglary convictions no longer qualify as violent felonies based on the Sixth Circuit's recent decision in *United States v. Stitt*, *supra*. Consequently, the Government agrees that the Petitioner is entitled to be re-sentenced, and represents that the parties have negotiated a proposed settlement.

Based on the decisions in *Johnson* and *Stitt* and in light of the Government's Response,

4

the court agrees that the Petitioner no longer qualifies as an Armed Career Criminal and that he is

entitled to be re-sentenced. Accordingly, the Motion To Vacate is GRANTED, and the Petitioner

will be re-sentenced by separate order in Case No. 3:12cr00172.

It is so **ORDERED.**

ENTER this 12ᵗʰ day of September 2017.

ALETA A. TRAUGER
U.S. District Judge